IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | EP-13-CR-01649-4-FM |
| MARIA DEL CARMEN ROMERO. | § § | |

## OPINION REGARDING GOVERNMENT'S MOTION TO RECONSIDER

Before the court is "Government's Motion for Reconsideration of Court's Order (ECF No. 734) Granting Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Motion to Seal, and Motion for Stay" ("Motion") [ECF No. 738], filed January 17, 2020 by the United States of America ("Government"); and "United States of America's Sealed Advisory to the Court" ("Government's Advisory") [ECF No. 741], filed January 21, 2020. Therein, the Government seeks the court to reconsider "Order Granting Motion for Compassionate Release [ECF No. 733]" [ECF No. 734], entered December 10, 2019, which granted Maria Del Carmen Romero's ("Romero") motion[1] for compassionate release.[2] After due consideration of the Motion, Government's advisory, and applicable law, the Motion is **DENIED**.

## I. BACKGROUND

On November 6, 2019, Romero filed a motion with this court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582").[3] Therein, Romero described her

---

[1] "Defendant's Motion Requesting Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), Request Based on Medical Circumstances, Serious Physical or Medical Condition" ("Romero Mot.") 1, ECF No. 733, filed Nov. 6, 2019.

[2] "Government's Motion for Reconsideration of Court's Order (ECF No. 734) Granting Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Motion to Seal, and Motion for Stay" ("Gov't Mot."), ECF No. 738, filed Jan. 17, 2020; "Order Granting Motion for Compassionate Release [ECF No. 733]" ("Order") 4, ECF No. 734, entered Dec. 10, 2019.

[3] *See* Romero Mot.

current medical condition.[4] She suffers from: polio,[5] ulcers and hip issues,[6] and a mass in her left shoulder.[7] The Government failed to file a response. On December 10, 2019, the court found that Romero's current medical condition presented "extraordinary and compelling circumstances" and exercised its discretion to order compassionate release.[8] In asking the court to reconsider, the Government offers three reasons: (1) Romero's past criminal history;[9] (2) Romero's financial circumstances;[10] and (3) Romero's medical circumstances.[11] The Government does not contest the courts inherent discretion to grant Romero compassionate release.[12]

## II. **LEGAL STANDARD**

Section 3582(c)(1)(A) states that generally a court may not modify an imposed term of imprisonment unless it receives a motion of the Director of the Bureau of Prisons.[13] However, the court may also modify a sentence upon the defendants motion, provided he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

---

[4] *See Id.*

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] Order 4.

[9] Gov't Mot. 10.

[10] *Id.* at 9.

[11] *Id.* at 8.

[12] *Id.* at 11.

[13] 18 U.S.C. § 3582(c)(1)(A).

2

of the defendant's facility . . . ."[14] Once that motion is filed, the court may reduce the term of imprisonment in two circumstances:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)[15]

## III. DISCUSSION

### A. *Past Criminal History*

The Government argues Romero's criminal history suggests a heightened chance of recidivism.[16] In support, it points to her criminal activity prior to incarceration.[17] However, prior criminal history is not determinative in evaluating compassionate release. Romero's prison records demonstrate she has not committed a single prison infraction.[18] The Government also fails to produce any evidence that Romero was suspected of criminal activity while in custody.[19] Thus, little doubt is cast upon Romero's present representations that she will live a law abiding life. There are still consequences for Romero if she starts anew down the path of criminal behavior. Compassionate release is not a pardon, nor does it immunize against the consequences

---

[14] *Id.*
[15] 18 U.S.C. § 3582(c)(1)(A)(i)–(ii).

[16] Gov't Mot. 9.

[17] *Id.*

[18] Gov't Mot., "Case Manager Declaration" 4 ¶ 7, ECF No. 738-3 ("Inmate Romero has not received any incident reports during her incarceration in the Bureau of Prisons.").

[19] *See id.*

3

of future conduct. Upon compassionate release, Romero will be on supervised release.[20] Therefore, Romero's past criminal history does not warrant reconsideration of compassionate release.

*B.     Financial Status*

The court now turns to Government's financial argument regarding Romero's Supplemental Security Income ("SSI"). The Government states "[t]here is nothing to indicate that SSI would now permit Romero to support herself, making recidivism more likely."[21] To justify this claim, the Government argues Romero became involved in drug trafficking when she was struggling financially—specifically while on SSI.[22] The Government's statements suggests a person's financial status determines the certainty of recidivism. This is unacceptable. There is no evidence of Romero's present state of mind to justify painting with such a broad brush.

Compassionate release is not a benefit one obtains upon reaching a certain income bracket. The judiciary is a bastion of fairness and impartiality;[23] it will not tolerate economic-based punishments attempting to masquerade as justice. The Government's concerns of recidivism are fully addressed by the strictures of supervised release.

*C.     Medical History*

In granting Romero's motion for compassionate release, the court described Romero's

---

[20] 18 U.S.C. § 3582(c)(1)(A) ("the court . . . may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment").

[21] Gov't Mot. 10.

[22] *Id.*

[23] *Bridges v. State of Cal.*, 314 U.S. 252, 282 (1941) (Frankfurter, J. dissent) ("The administration of justice by an impartial judiciary has been basic to our conception of freedom ever since Magna Carta."); *N. L. R. B. v. Capitol Fish Co.*, 294 F.2d 868, 876 (5th Cir. 1961) ("Impartiality is life of justice.").

4

condition as follows:

> Romero suffers from poliomyelitis—a virus causing damage to the spinal cord and brain. She has never walked. She is confined to a wheelchair, which has resulted in skin ulcers. Her wheelchair is also fifteen-years-old and in disrepair. It has taken Romero significant efforts to adjust the wheelchair for it to provide a small degree of comfort—without it being replaced. Furthermore, Romero "developed a mass on her left shoulder."[24]

The Government acknowledges the seriousness of Romero's condition—only contesting the degree of care she has received.[25] Compassionate release does not require the court find the Government failed to provide care.[26] It requires the defendant suffer from a serious physical or medical condition that "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[27]

A nurse practitioner at the prison describes Romero's treatment for her polio and post-polio syndrome as "attempts to mitigate the symptoms."[28] Symptoms of post-polio syndrome include "progressive muscle or joint weakness and pain, fatigue, muscle wasting (atrophy), breathing disorders, and other symptoms."[29] These symptoms are "disabling."[30] The nurse

---

[24] Order 2–3 (citing to Romero Mot. 3–4).

[25] Gov't Mot. 8 ("To be clear, the Government does not dispute that Romero's physical condition is serious and requires attention . . .").

[26] U.S.S.G. § 1B1.13, app. notes.

[27] *Id.*

[28] Gov't Mot., "Nurse Practitioner Declaration" ("N.P. Decl.") 4 ¶ 8, ECF No. 738-2, filed Jan. 17, 2019.

[29] *Id.* at 4 ¶ 7.

[30] *Id.*

5

practitioner believes Romero's condition is worsening.[31] The strain Romero must place on her body is likely causing "hip dysplasia and related hip symptoms" and "significant strain" on her shoulders.[32] These conditions inhibit her ability to provide self-care in prison—which will only get worse with time. With regard to Romero's shoulder mass, the nurse practitioner could not say "what the course and duration of inmate Romero's treatment will be or if the treatment will be able to restore full function of her left shoulder and full independence within the confines of her wheelchair."[33] The nurse practitioner's declaration and supporting medical evidence presents a clear picture of Romero's deteriorating health.[34] One cannot recover from polio or post-polio syndrome.[35]

The Government advises the court that Romero received a new wheelchair on January 17, 2020.[36] However, this does not address Romero's condition as it pertains to the statutory requirements. It is clear to the court that Romero suffers from a severe medical condition where improvement or recovery is unlikely under current conditions.[37] Therefore, the court will not disturb its finding that Romero suffers from a serious condition that qualifies as an "extraordinary and compelling" reason to warrant compassionate release.

---

[31] *Id.* at 8 ¶ 23–24 ("I suspect the progressive muscular atrophy of her lower legs has contributed to the hip dysplasia and related symptoms that she currently experiences in her hip." "The symptoms of her post-polio syndrome require inmate Romero to put significant strain on her shoulders as she maneuvers her wheelchair and body. While this likely has contributed to her shoulder injury, it cannot be said that her shoulder condition is a symptom of the post-polio syndrome.").

[32] *Id.*

[33] *Id.* at 8 ¶ 24.

[34] *See* N.P. Decl.; *see also* "Attached Medical Documentation," ECF No. 738-2.

[35] *Id.* at 4 ¶ 8.

[36] "United States of America's Sealed Advisory to the Court," ECF No. 741, filed Jan. 21, 2020.

[37] Gov't Mot. 8.

## IV. CONCLUSION

The Government's Motion makes a mockery of the criminal justice system in light of its failure to file a response to Romero's motion. The Government had ample opportunity to argue why this court should not grant Romero compassionate release—34 days in fact. If that was insufficient time to gather evidence, the Government could have simply filed a request for an extension—noting its intent to object. It presents no reason as to why it could not have timely raised its concerns in a responsive pleading. It instead chose to sit silently—deciding only to object within two weeks of Romero's release.

The court finds the Government does not proffer sufficient evidence to warrant disturbing the order granting compassionate release. Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that "Government's Motion for Reconsideration of Court's Order (ECF No. 734) Granting Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), Motion to Seal, and Motion for Stay" [ECF No.738] is **DENIED**.

2. It is **FURTHER ORDERED** that the United States Bureau of Prisons **SHALL RELEASE** Maria Del Carmen Romero **before January 24, 2020.**

3. It is **FURTHER ORDERED** that Maria Del Carmen Romero will begin a eight-year term of **supervised release**. She will report by phone at (915) 585-6500 to the United States Probation Office, El Paso Division, **within five days** of her arrival into El Paso, Texas.

**SIGNED AND ENTERED** this 21 day of **January, 2020.**

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**